Courtney L. Baird (SBN: 234410)
Karen L. Alexander (SBN 265926)
**DUANE MORRIS LLP**
750 B Street, Suite 2900
San Diego, CA 92101-4681
Telephone: 619.744.2200
Facsimile: 619.744.2201
clbaird@duanemorris.com
klalexander@duanemorris.com

*Attorneys for Defendant ALDI Foods Inc.*

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT FRIED, on behalf of himself, all others similarly situated, and the general public,<br><br>Plaintiff,<br><br>v.<br><br>ALDI FOODS INC.,<br><br>Defendant. | Case No. 3:26-CV-0439-JLS-KSC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT ALDI FOODS INC'S MOTION TO DISMISS**<br><br>*[Filed concurrently with Notice of Motion and Motion to Dismiss, and [Proposed] Order]*<br><br>Date:    April 30, 2026<br>Time:    1:30 p.m.<br>Judge:   Hon. Janis L. Sammartino<br>Crtrm:   4D<br><br>Complaint Filed: January 23, 2026 |

MEMO OF POINTS & AUTHORITIES I/S/O DEFENDANT ALDI FOODS INC'S MOTION TO DISMISS

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ........................................................................... - 7 -

II.    STATEMENT OF FACTS AND ALLEGED FACTS ................................. - 8 -

    A.    ALDI's Nature's Nectar 100% Juice and its Labeling ........................ - 8 -

III.    ARGUMENT.................................................................................. - 10 -

    A.    Legal Standards ................................................................... - 10 -

    B.    Plaintiff's Challenge to FDA-Mandated and Compliant Label Statements is Expressly Preempted........................................................ - 11 -

    C.    Plaintiff Does Not Plausibly Allege That Reasonable Consumers Have Been Deceived .......................................................... - 14 -

    D.    Plaintiff Lacks Standing in Multiple Respects................................. - 17 -

        1.    Plaintiff Lacks Standing to Seek Injunctive Relief ................. - 18 -

        2.    Plaintiff Lacks Standing to Challenge the Unpurchased Products........................................................................ - 19 -

    E.    Plaintiff Fails to Satisfy Rule 9(b)'s Specificity Requirement for the Unpurchased Products................................................... - 21 -

    F.    Plaintiff's Claim for Breach of Express Warranty Fails.................... - 21 -

    G.    Plaintiff's Claim for Breach of Implied Warranty of Merchantability Fails ......................................................... - 23 -

    H.    Plaintiff's Claim for Equitable Relief Must Be Dismissed Because He Fails to Plead He Lacks an Adequate Remedy at Law ................ - 24 -

IV.    CONCLUSION ............................................................................. - 24 -

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009).................................................................10

*Barrett v. Optimum Nutrition*, No. CV 21-4398-DMG (SKX), 2022 WL 2035959 (C.D. Cal. Jan. 12, 2022).................................................................22

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).................................................10

*Birdsong v. Apple, Inc.*, 590 F.3d 955 (9th Cir. 2009).........................................21

*Bly-Magee v. California*, 236 F.3d 1014 (9th Cir. 2001)......................................11

*Cordes v. Boulder Brands USA, Inc.*, No. CV 18-6534 PSG (JCX), 2018 WL 6714323 (C.D. Cal. Oct. 17, 2018)...................................................17

*Corpuz v. Bayer Corp.*, No. 22-CV-1085-MMA (JLB), 2023 WL 2292579 (S.D. Cal. Feb. 28, 2023).......................................................................14

*Daldalian v. Pepsico, Inc.*, No. 2:25-CV-01491 (WLH-E), 2025 WL 2778326 (C.D. Cal. Sept. 3, 2025) .....................................................20

*Daniels v. Eagle Fam. Foods Grp., LLC*, 797 F. Supp. 3d 1154 (E.D. Cal. 2025) .............................................................................................20

*Dawson v. Better Booch, LLC*, 716 F. Supp. 3d 949 (S.D. Cal. 2024) ..................20

*Ebner v. Fresh, Inc.*, 838 F.3d 958 (9th Cir. 2016) ..............................................13

*Friends of the Earth v. Sanderson Farms, Inc.*, 992 F.3d 939 (9th Cir. 2021) .......11

*Gamez v. Summit Nats. Inc.*, No. CV 22-05894 DSF (KSX), 2022 WL 17886027 (C.D. Cal. Oct. 24, 2022).................................................17

*Garland v. Kroger Co.*, No. 24CV240-LL (JLB), 2025 WL 474914 (S.D. Cal. Feb. 12, 2025).................................................................................16

*Garza v. Spectrum Brands Pet LLC*, 760 F. Supp. 3d 1039 (E.D. Cal. 2024), *appeal dismissed*, No. 25-487, 2025 WL 2083193 (9th Cir. May 6, 2025).......16

*Gonzales v. Nat. Factors Nutritional Products Inc.*, No. 2:24-CV-02584-DSF (AS), 2024 WL 4609853 (C.D. Cal. June 28, 2024)....................................17

*Gustavson v. Wrigley Sales Co.*, 961 F. Supp. 2d 1100 (N.D. Cal. 2013) ..............13

*Hairston v. S. Beach Beverage Co.*, No. CV 12-1429-JFW, 2012 WL 1893818 (C.D. Cal. May 18, 2012) ....................................................14

*Husain v. Campbell Soup Co.*, 747 F. Supp. 3d 1265, 1273 (N.D. Cal. 2024).......14

*Jackson v. Gen. Mills, Inc.*, No. 18CV2634-LAB (BGS), 2020 WL 5106652 (S.D. Cal. Aug. 28, 2020) ....................................................17

*Kearns v. Ford Motor Co.*, 567 F.3d 1120 (9th Cir. 2009) ...............................11, 19

*Kennard v. Kellogg Sales Co.*, No. 21-CV-07211 (WHO), 2022 WL 4241659 (N.D. Cal. Sept. 14, 2022) ....................................................20

*Khasin v. R.C. Bigelow, Inc.*, No. C 12-02204 (JSW), 2013 WL 2403579 (N.D. Cal. May 31, 2013) ....................................................19

*Kim v. Blue Triton Brands*, No. 2:22-CV-01907-JLS (KS), 2022 WL 17061085 (C.D. Cal. Nov. 1, 2022), *aff'd sub nom. Kim v. Bluetriton Brand, Inc.*, No. 22-56063, 2024 WL 243343 (9th Cir. Jan. 23, 2024) ....................................................20

*Krommenhock v. Post Foods, LLC*, 255 F. Supp. 3d 938 (N.D. Cal. 2017) ...........13

*La Barbera v. Ole Mexican Foods Inc.*, No. EDCV 20-2324 JGB, 2023 WL 4162348 (C.D. Cal. May 18, 2023) ...............................................14, 21

*Lee v. Nature's Path Food, Inc.*, No. 23-CV-00751-H (MSB), 2023 WL 7434963 (S.D. Cal. Nov. 9, 2023) ....................................................20

*Lorentzen v. Kroger Co.*, 532 F. Supp. 3d 901 (C.D. Cal. 2021) ............................18

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) ..............................................11

*Matic v. U.S. Nutrition, Inc.*, No. CV 18-9592 (PSG), 2019 WL 3084335 (C.D. Cal. Mar. 27, 2019) ....................................................17

*McCausland v. PepsiCo, Inc.*, 769 F. Supp. 3d 1060 (N.D. Cal. 2025)............16, 22

*McCoy v. McCormick & Co., Inc.*, 2026 WL 366748 (E.D. Cal. Feb. 9, 2026) .....15

*McGinity v. Procter & Gamble Co.*, 69 F.4th 1093 (9th Cir. 2023) ......................15

*Moore v. Trader Joe's Co.*, 4 F.4th 874 (9th Cir. 2021) ................................. 13-14

*Nacarino v. Kashi Co.*, 77 F.4th 1201 (9th Cir. 2023) ...........................................11

*Pardini v. Unilever United States, Inc.*, 65 F.4th 1081 (9th Cir. 2023) ...................11

*Red v. Kraft Foods, Inc.*, 2012 WL 5504011 (C.D. Cal. Oct. 25, 2012)................15

*Scheibe v. Fit Foods Distribution, Inc.*, No. 23-CV-220 JLS (AHG), 2023 WL 7434964 (S.D. Cal. Nov. 8, 2023)...............................................................10, 12

*Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020)........................22

*TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021)...................................................11

*Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097 (9th Cir. 2003)..............................11

*Vitiosus v. Alani Nutrition, LLC*, No. 21-CV-2048-MMA (MDD), 2022 WL 2441303 (S.D. Cal. July 5, 2022) ........................................................................16

*Weiss v. Trader Joe's*, 838 F. App'x 302 (9th Cir. 2021) ......................................13

*Whiteside v. Kimberly Clark Corp.*, 108 F.4th 771 (9th Cir. 2024) ........................15

*Wilson v. Frito-Lay N. Am., Inc.*, 961 F. Supp. 2d 1134 (N.D. Cal. 2013) .............18

**Statutes**

21 U.S.C. § 341.......................................................................................................11

21 U.S.C. § 343-1 ...................................................................................................11

21 U.S.C. § 343(i)(2) ................................................................................................7

21 U.S.C. § 343-1(a)(2) ..........................................................................................12

21 U.S.C. § 343-1(a)(3) ...................................................................................... 11-12

Cal. Com. Code § 2314(2)(c)...................................................................................21

Cal. Health & Safety Code ........................................................................................8

Consumers Legal Remedies Act...................................................... 10, 14, 21-22

False Advertising Law .................................................................... 10, 14, 21-22

Federal Food, Drug, and Cosmetic Act ........................................................ 11-12

Nutrition Labeling and Education Act............................................................ 11-12

Unfair Competition Law.................................................................. 10, 14, 21-22

MEMO OF POINTS & AUTHORITIES I/S/O DEFENDANT ALDI FOODS INC'S MOTION TO DISMISS

**Other Authorities**

21 CFR § 101.30(a) ...............................................................................................................12

21 CFR § 101.30(b)(1)...........................................................................................................12

21 CFR § 101.30(b)(3)...........................................................................................................12

21 CFR § 101.30(f) ..................................................................................................................7

21 CFR § 102.33(g)(2)...........................................................................................................12

Fed. R. Civ. P. 8...................................................................................................................10

Fed. R. Civ. P. 8(a) .............................................................................................................10

Fed. R. Civ. P. 9(b) .......................................................................................................10, 19

Fed. R. Civ. P. 12(b)(1) ......................................................................................................11

Fed. R. Civ. P. 12(b)(6) ......................................................................................................10

MEMO OF POINTS & AUTHORITIES I/S/O DEFENDANT ALDI FOODS INC'S MOTION TO DISMISS

## I.    INTRODUCTION

Through its private-label brand "Nature's Nectar," ALDI Foods Inc. ("ALDI") sells juice beverages, including apple juice, labeled "100% Juice."  These ALDI juices contain this statement because federal law *requires* it.  21 U.S.C. § 343(i)(2); 21 C.F.R. § 101.30(f).  Nevertheless, Plaintiff Albert Fried ("Plaintiff") alleges that he was deceived by the federally-mandated 100% juice representation and asks this Court to compel a different label.  Because federal law governing juice labeling expressly preempts claims that seek to impose standards not identical to federal requirements, Ninth Circuit authority requires Plaintiff's suit to be dismissed in its entirety with prejudice.

Plaintiff alleges that the "100% Juice" statement on the apple juice was misleading because the product contains fortified Vitamin C in the form of ascorbic acid.  Yet the front labels of these products contain the FDA-mandated accurate qualifying information that notifies consumers of exactly what they are purchasing: "100% Juice" that is "From Concentrate" and "With Added Ingredients."  From the front panel of the products, reasonable consumers would be left with no doubt that there are additional added ingredients in the juices.  And an interested consumer wanting more information would need to only turn the product on its side and consult the fully accurate Nutritional Fact Panel ingredient list, which discloses the use of ascorbic acid.  Thus, even if the complaint was not preempted, the Plaintiff's claim patently fails to meet the reasonable consumer standard.

The Court need not look beyond federal preemption and the reasonable consumer standard to dispose of the entire case.  But if it does, a majority of Plaintiff's claims are also subject to dismissal on the basis of his lack of standing and his failure to adequately plead specific causes of action for the reasons noted.

To be clear, Plaintiff essentially seeks to permit class action enforcement against nearly all juices that require a "100% Juice" declaration simply because

companies have complied with federal law.  The Court should not sanction such an unreasonable theory or result and should easily dismiss this complaint with prejudice.

## II.   STATEMENT OF FACTS AND ALLEGED FACTS

### A.   ALDI's Nature's Nectar 100% Juice and its Labeling

Plaintiff alleges that ALDI "markets and sells a variety of purported '100%' juice beverages, including at least Apple, Cranberry, Mango Tangerine, Grape, White Grape, and Mango Passion Juices" (the "Products").  Complaint ("Compl.") ¶ 1 (ECF No. 1).  He claims that each of the Products is "prominently label[ed]. . . as '100% Juice." *Id.* ¶ 14.  Plaintiff alleges that he purchased ALDI's "Apple Juice" Product "approximately once per month" between January of 2022 and November of 2025 from "ALDI locations in Vista and San Marcos, California and other locations." *Id.* ¶ 24.  He alleges that he "believ[ed], based on Defendant's labeling, that [the apple juice was] 100%, pure juice." *Id.* ¶ 3.  Although he identifies five other ALDI juice products, he does not allege that he purchased any of them, nor does he provide details about the labels of those other juice products.

Plaintiff asserts that the ALDI "100% Apple Juice" label upon which he relied is deceptive and "violates the California Health and Safety Code" because "the Products. . . are made with additional ingredients, including at least synthetic ascorbic acid." *Id.* ¶¶ 22–36.  He claims that the "100% Juice" statement on the apple juice he purchased misled him and the public at large into believing that the product "consist[s] exclusively of the natural constituents of fruit juice and ha[s] not been nutritionally engineered or fortified."  Photographs of ALDI's Apple Juice and Cranberry Juice labels are pasted into the Complaint:[1]

---

[1] The photographs of the labels included in Plaintiff's Complaint are low-resolution and difficult to read.  For the Court's convenience, ALDI has included higher-quality images of the same labels below so that the text can be viewed in full.

CASE NO. 3:26-CV-0439-JLS-KSC

MEMO OF POINTS & AUTHORITIES I/S/O DEFENDANT ALDI FOODS INC'S MOTION TO DISMISS




As pictured above, ALDI labeled its Apple juice as "100% Juice," and added the front-label qualifier "with added ingredients." The "with added ingredients" statement on the front label naturally leads interested consumer to review the Nutritional Fact Panel ingredient list on the side label, which readily discloses the use of ascorbic acid (Vitamin C):



MEMO OF POINTS & AUTHORITIES I/S/O DEFENDANT ALDI FOODS INC'S MOTION TO DISMISS

Seeking to represent all California consumers who purchased ALDI's Apple, Cranberry, Mango Tangerine, Grape, White Grape, and Mango Passion juices, Plaintiff brings claims under the Unfair Competition Law ("UCL"), False Advertising Law ("FAL"), and Consumers Legal Remedies Act ("CLRA").  He also alleges breach of express and implied warranties.  He seeks actual damages, disgorgement, restitution, and injunctive relief.

## III.    ARGUMENT

### A.    Legal Standards

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint on the ground that it "fail[s] to state a claim upon which relief can be granted."  In evaluating such a motion, the Court considers whether the complaint sets forth a cognizable legal theory supported by sufficient factual allegations in accordance with Federal Rule of Civil Procedure 8(a), which calls for "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Although Rule 8 does not require detailed factual allegations, . . . it does demand more than unadorned, the-defendant-unlawfully-harmed-me accusation."  *Scheibe v. Fit Foods Distribution, Inc.*, No. 23-CV-220 JLS (AHG), 2023 WL 7434964, at *2 (S.D. Cal. Nov. 8, 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Although factual allegations are to be accepted as true, "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do."  *Iqbal*, 556 U.S. at 678 (internal quotations omitted).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Id.* (internal quotations omitted).

Allegations of fraud in a complaint must satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), which requires that a plaintiff "state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  A plaintiff's allegations must be "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong."  *Scheibe*, 2023 WL 7434964, at *3 (quoting *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)).  "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged."  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)).

As to a Rule 12(b)(1) motion for lack of standing, "[o]nce [the defendant] contest[s] the truth of the plaintiff['s] factual allegations, the [plaintiff] ha[s] the burden to support [his] jurisdictional allegations with 'competent proof.'"  *Friends of the Earth v. Sanderson Farms, Inc.*, 992 F.3d 939, 944 (9th Cir. 2021).  To establish standing, Plaintiff "must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief."  *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)).

**B.      Plaintiff's Challenge to FDA-Mandated and Compliant Label Statements is Expressly Preempted**

First and foremost—and dispositive of the entire case—Plaintiff's challenge to the statement "100% Juice" is expressly preempted by 21 U.S.C. § 343-1.  Congress enacted the Federal Food, Drug, and Cosmetic Act ("FDCA"), and later the Nutrition Labeling and Education Act ("NLEA"), in order to establish a uniform framework for food labeling.  *See* 21 U.S.C. § 341 *et seq.*  The NLEA contains an express

preemption provision that bars states from "directly or indirectly establish[ing] . . . any requirement for . . . labeling of food . . . that is not identical to" federal requirements.  21 U.S.C. § 343-1(a)(3).

Put another way, labels that are permitted by the FDCA or FDA regulations are, by definition, not "false or misleading" under federal law, and a claim under any state law imposing different requirements would necessarily fail as preempted.  *See, e.g., Pardini v. Unilever United States, Inc.*, 65 F.4th 1081, 1091 (9th Cir. 2023) (dismissing state law claims challenging butter-flavored vegetable oil spray nutritional labeling as expressly preempted by FDCA because product's serving size and label complied with FDA regulations and plaintiff's theory would impose non-identical labeling requirements); *Nacarino v. Kashi Co.*, 77 F.4th 1201, 1204 (9th Cir. 2023) (state law mislabeling claims expressly preempted by FDCA because plaintiff sought to impose non-identical labeling requirements for dietary supplements containing blended formulations).  Thus, "[t]he preemption analysis turns on whether the challenged statements are authorized by the FDA's regulations or other pronouncements of similar legal effect." *Id.*

Here, the FDCA *requires* that the Products bear a percentage juice declaration. 21 CFR § 101.30(a) (requiring percentage juice declaration for any food that purports to contain fruit juice).  ALDI properly labeled the Products "100% Juice" followed by the fruit variety from which the juice is derived pursuant to 21 CFR § 101.30(b)(1). Moreover, because the Products contain juice concentrate and non-juice ingredients, like ascorbic acid, ALDI included the qualifying statement "From Concentrate With Added Ingredients," as required by the FDCA.  21 CFR § 102.33(g)(2) (requiring 100% juice mixtures with added water to include "from concentrate" on label); 21 CFR § 101.30(b)(3) (requiring "100% juice" declarations for Products that also contain non-juice ingredients to be accompanied by the phrase "added ___,' the blank filled in with a term such as 'ingredient(s),' 'preservative,' or 'sweetener[.]").

Plaintiff acknowledges that the Product labels "sometimes pair[] the '100% Juice' claim with statements such as, 'from concentrate with added ingredient'" – and, indeed, the only labels depicted in his Complaint say exactly that.  He argues that this qualifying language renders the labels no less misleading because the combined statements are "contradictory" and "likely to confuse reasonable consumers who understand '100% juice' to mean only . . . juice which has not been fortified."  Compl. ¶ 21.  Any requirement to rephrase the percentage juice declaration or relocate these statements would, in fact, directly conflict with federal labeling requirements and is therefore expressly preempted by 21 U.S.C. § 343-1(a)(2) and (a)(3).

The Products' labels are compliant with the above-referenced federal regulations and therefore cannot be challenged for having omitted certain additional or different information.  NLEA preemption dictates that Plaintiff's challenge to the "100% Juice" statement is subject to dismissal as expressly preempted.  *See, e.g.*, *Scheibe*, 2023 WL 7434964, at *6 (S.D. Cal. Nov. 8, 2023) (holding that an ingredient list's declaration of malic acid by its generic name complied with federal requirements and plaintiff's claim that it should have been identified differently was preempted); *Krommenhock v. Post Foods, LLC*, 255 F. Supp. 3d 938, 957–58 (N.D. Cal. 2017) (holding that nutrient content claims on cereal product labels expressly permitted by FDA were expressly preempted); *Gustavson v. Wrigley Sales Co*., 961 F. Supp. 2d 1100, 1123–24 (N.D. Cal. 2013) (dismissing standard of identity claim on express preemption grounds because plaintiff's claim that label should have included certain disclaimers sought to "impose a requirement that deviates from federal law.").

Every single one of Plaintiff's claims challenges the language on the labels— language that conforms with, and is in fact required by, federal law.  Thus, every single one of the claims is preempted and must be dismissed with prejudice.

CASE NO. 3:26-CV-0439-JLS-KSC

### C.      Plaintiff Does Not Plausibly Allege That Reasonable Consumers Have Been Deceived

Even if Plaintiff's claims are not expressly preempted, his claims still fail because he cannot plausibly plead that "a reasonable consumer is likely to be misled by the representation." *Moore v. Trader Joe's Co.*, 4 F.4th 874, 881 (9th Cir. 2021) (affirming dismissal of deceptive advertising claims regarding "100% New Zealand Manuka Honey"); *see also Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016) (affirming dismissal of deceptive advertising claims). "This is not a negligible burden." *Moore*, 4 F.4th at 882. "Plaintiff must demonstrate more than a mere possibility that [the] label might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner." *Id.*; *see also Ebner*, 838 F.3d at 965. He must instead show "a probability that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Moore*, 4 F.4th at 882; *Ebner*, 838 F.3d at 965.

In ruling on a motion to dismiss a deceptive advertising claim, a court is to examine the entire label, including contextual "inferences regarding the product itself and its packaging." *Moore*, 4 F.4th at 882 (holding that a reasonable consumer would not interpret a "100% Manuka Honey" label as promising the honey was entirely derived from Manuka flower nectar). "Simply put, a reasonable consumer does not check her common sense at the door of the store." *Weiss v. Trader Joe's*, 838 F. App'x 302, 303 (9th Cir. 2021) (affirming dismissal of deceptive marketing claims).

Consumers would patently have to leave their common sense at the door to read the front of the Products' labels and conclude an ingredient like ascorbic acid is not present. Plaintiff cannot simply ignore the words "with added ingredients" on the front of the label in hopes of meeting his pleading burden. *See La Barbera v. Ole Mexican Foods Inc.*, No. EDCV 20-2324 JGB (SPX), 2023 WL 4162348, at *8 (C.D. Cal. May 18, 2023) ("A plaintiff's own 'unreasonable assumptions' about a product's

label or desire to take the label out of 'its proper context' will not suffice.") (quoting *Corpuz v. Bayer Corp.*, No. 22-CV-1085-MMA (JLB), 2023 WL 2292579, at *4 (S.D. Cal. Feb. 28, 2023)); *Hairston v. S. Beach Beverage Co.*, No. CV 12-1429-JFW (DTBX), 2012 WL 1893818, at *4 (C.D. Cal. May 18, 2012) ("Plaintiff's selective interpretation of individual words or phrases from a product's labeling cannot support a CLRA, FAL, or UCL claim.").

For example, in *Husain v. Campbell Soup Co.*, the court found the front label on a bag of potato chips was not deceptive and was, at most, ambiguous.  747 F. Supp. 3d 1265, 1273 (N.D. Cal. 2024).  Although the label stated the chips were "Air Fried," it also included qualifying language directly below stating: "Kettle Cooked Air Finished".  This language clearly indicated a multi-step cooking process.  The court rejected the plaintiff's claim that this qualification did not clarify "the 'Air Fried' representation," holding that reasonable consumers would not be deceived into thinking the chips were entirely air fried.  *Husain*, 747 F. Supp. 3d at 1269, 1273–74.

The same analysis applies here.  When reading the "100% Juice" in conjunction with the prominent "with added ingredients" qualifier, consumers could not reasonably conclude that additional ingredients are not in the juice.  Such an interpretation would read the qualifier right off the front label.

It is implausible that a consumer would see a low-priced, shelf-stable, brightly-colored juice whose front label discloses that it is "100% juice . . . with added ingredient[s]" and nonetheless believe that it did not have any added ingredients. Plaintiff's claim rests on "unreasonable or fanciful interpretations of labels" as requiring juice disclosures to the tenth, hundredth, or thousandth percent, justifying dismissal.  *See Moore*, 4 F.4th at 883.  Courts have rejected similar fanciful label interpretations that strain credulity.  *See McCoy v. McCormick & Co., Inc.*, 2026 WL 366748, *7 (E.D. Cal. Feb. 9, 2026) (dismissing misleading advertisement claims for the label statement "Crafted and Bottled in Springfield, MO, USA" because it "strains

credulity that a reasonable consumer would assume that every single ingredient in the Products was grown and produced in a single city in the United States"); *Red v. Kraft Foods, Inc.*, 2012 WL 5504011, *4 (C.D. Cal. Oct. 25, 2012) (dismissing false advertisement claims because "it strains credulity to imagine that a reasonable consumer will be deceived into thinking a box of crackers is healthful or contains huge amounts of vegetables simply because there are pictures of vegetables and the true phrase 'Made with Real Vegetables' on the box.")

Reading the Complaint in a light most generous to Plaintiff, he argues that the front label is ambiguous by confusing consumers with what he calls contradictory statements.   But even if the front label is ambiguous, "the ambiguity can be resolved by reference to the back label." *McGinity v. Procter & Gamble Co.*, 69 F.4th 1093, 1099 (9th Cir. 2023).  In particular, the court explained that an ingredients list can ameliorate any tendency of a front label to mislead when it confirms the front label claim. *Id.*  In *McGinity*, the court found that the ingredient list that included both synthetic and natural ingredients clarified any ambiguity from the label words "Nature Fusion," which plaintiff claimed to convey that the product only had natural ingredients. *Id.*  Here too, the ingredient list, which contains both juice and ascorbic acid, confirms that the product does not only contain juice, as is indicated on the front label "100% juice… with added ingredients."

*Whiteside v. Kimberly Clark Corp.* confirmed that *McGinity* "held that a plaintiff must 'plausibly allege that the front label would be unambiguously deceptive to an ordinary consumer, such that the consumer would feel no need to look at the back label.'" *Whiteside v. Kimberly Clark Corp.*, 108 F.4th 771, 780 (9th Cir. 2024). The Products' front labels are not unambiguously deceptive, and Plaintiff concedes that a consumer would read the "100% juice; in conjunction with 'added ingredient.'" Compl. ¶ 21.  Moreover, to resolve any ambiguity, Plaintiff would simply have to reference the prominent side ingredient panel to determine without a shadow of doubt

CASE NO. 3:26-CV-0439-JLS-KSC

MEMO OF POINTS & AUTHORITIES I/S/O DEFENDANT ALDI FOODS INC'S MOTION TO DISMISS

that another ingredient is added to the juice. Courts applying *McGinity* and *Whiteside* have granted motions to dismiss after finding challenged front labeling ambiguous and concluding disclosures on back labels resolved that ambiguity. *See, e.g.*, *Garland v. Kroger Co.*, No. 24CV240-LL (JLB), 2025 WL 474914, at *8–9 (S.D. Cal. Feb. 12, 2025) (dismissing false advertising claims related to the inclusion of artificial flavoring in cereal bars when front label included the phrases "naturally flavored" and "made with real fruit," because a "look at the Product's ingredients list on the back label confirms that the Product contains natural flavors and blueberry puree as well as many other ingredients both natural and artificial."); *Garza v. Spectrum Brands Pet LLC*, 760 F. Supp. 3d 1039, 1047–51 (E.D. Cal. 2024), *appeal dismissed*, No. 25-487, 2025 WL 2083193 (9th Cir. May 6, 2025) (dismissing false advertisement claims related to the inclusion of non-meat ingredients in dog chews based on the front label stating "Made With Real Chicken, Pork & Duck" as well as "Dog Chews With <u>Vegetables</u> & Chicken," because "[a] reasonable consumer necessarily requiring more information as to the predominance of meat in the dog chews could simply refer to the full ingredients list on the back label.") Viewing the front label of the Products as a whole, Plaintiff does not plausibly allege that a reasonable consumer is likely to be misled by the inclusion of additional ingredients besides juice in the Products. Plaintiff's conclusory allegations ignore the context in which the challenged representations are made on the front labeling and are belied by the express qualifying language included *on the front of the label,* as well as on the side of the label.

### D.     Plaintiff Lacks Standing in Multiple Respects

As a separate and independent ground for relief, Plaintiff's lack of standing in multiple respects is entirely dispositive of his prayer for injunctive relief and all of his claims as to the Products he did not purchase.

### 1.      Plaintiff Lacks Standing to Seek Injunctive Relief

In addition to his claims being expressly preempted, Plaintiff has not demonstrated standing to seek injunctive relief.  To establish standing, Plaintiff must allege a concrete threat of future harm by explicitly stating his "intention or desire to purchase in the future." *Vitiosus v. Alani Nutrition, LLC*, No. 21-CV-2048-MMA (MDD), 2022 WL 2441303, at *7 (S.D. Cal. July 5, 2022).  "Moreover, in order to demonstrate standing to seek injunctive relief, Plaintiffs must plausibly allege that they will be deceived again." *Id.*  "[P]laintiffs cannot manufacture a concrete threat of future harm by simply alleging that they do not read labels." *McCausland v. PepsiCo, Inc.*, 769 F. Supp. 3d 1060, 1066 (N.D. Cal. 2025) (dismissing injunctive relief claim in deceptive advertising suit; "plaintiffs are aware of the accurate information about sugar content located on the bars' back label, such that they can no longer reasonably claim the advertising misleads them.").

Here, Plaintiff alleges that he would purchase the ALDI juices again if they were labeled truthfully, but that "absent injunctive relief," he cannot rely on the "100% juice" representations "because he has no way to know—at the point of sale—whether the Products are accurately labeled without scrutinizing ingredient lists and conducting investigations ordinary consumers do not undertake at the point of sale . . ." Compl. ¶ 34.  This is insufficient.  Plaintiff's own allegations confirm that he can discover whether a previous misrepresentation has been cured without first buying the product at issue—by simply reading the label.  As other courts in this Circuit have held, a consumer can determine whether the product contains the challenged ingredients by reviewing the label at the point of sale.  *See Gonzales v. Nat. Factors Nutritional Prods. Inc.*, No. 2:24-CV-02584-DSF (AS), 2024 WL 4609853, at *4 (C.D. Cal. June 28, 2024) (no standing to seek injunctive relief where plaintiff could verify the amount of product in defendant's protein powder from the label and therefore failed to demonstrate a likelihood of future harm); *Matic v. U.S. Nutrition,*

*Inc.*, No. CV 18-9592 PSG (AFMX), 2019 WL 3084335, at *9 (C.D. Cal. Mar. 27, 2019); *Vitiosus*, 2022 WL 2441303, at *7; *La Barbera*, 2023 WL 4162348, at *8 (quoting *Corpuz*, 2023 WL 2292579, at *4); *see also Gamez v. Summit Nats. Inc.*, No. CV 22-05894 DSF (KSX), 2022 WL 17886027, at *4 (C.D. Cal. Oct. 24, 2022) (plaintiff lacked standing to sue for injunctive relief in slack fill case because plaintiff was on notice to check net weight and serving information).

To the extent Plaintiff relies on products he did not purchase, his allegations lack the necessary specificity and similarity. *See Cordes v. Boulder Brands USA, Inc.*, 2018 WL 6714323, at *4 (C.D. Cal. Oct. 17, 2018). Plaintiff therefore "cannot pursue injunctive relief because he has not shown that he is likely to be deceived in the future." *Matic*, 2019 WL 3084335, at *9 (emphasis in original). Courts in this District are in accord. *See, e.g.*, *Jackson v. Gen. Mills, Inc.*, No. 18CV2634-LAB (BGS), 2020 WL 5106652, at *6 (S.D. Cal. Aug. 28, 2020) ("Whatever other customers might know or not know, however, Jackson is on notice of facts in her own complaint. If she chooses to ignore them and rely on box size alone, her reliance would not be reasonable.") (citing cases).

### 2. Plaintiff Lacks Standing to Challenge the Unpurchased Products

Plaintiff likewise has not established standing to challenge the products he did not purchase. To demonstrate standing, Plaintiff must show: "(1) a concrete, particularized, actual or imminent injury-in-fact; (2) that the injury is traceable to the defendant's action; and (3) that a favorable ruling could redress the injury." *Wilson v. Frito-Lay N. Am., Inc.*, 961 F. Supp. 2d 1134, 1140 (N.D. Cal. 2013). A plaintiff who seeks to assert claims for products he or she did not purchase may establish standing only if the unpurchased products and the alleged misrepresentations associated with them are substantially similar to those the plaintiff actually purchased. *Lorentzen v. Kroger Co.*, 532 F. Supp. 3d 901, 908–09 (C.D. Cal. 2021). Under the "substantially similar" test, courts consider whether a plaintiff has plausibly pled that "the

challenged products are of the same kind, comprised of largely the same ingredients, and whether each of the challenged products bears the same alleged mislabeling." *Id.* at 908.

Plaintiff brings claims concerning six of ALDI's juice products: Apple, Cranberry, Mango Tangerine, Grape, White Grape, and Mango Passion.[2]  Compl. ¶ 1. Yet Plaintiff alleges he purchased only one of them—the Apple Juice.  *Id.* ¶ 24. Plaintiff does not provide images of the Mango Tangerine, Grape, White Grape, or Mango Passion juice labels or allege specifically what those labels say.  This omission is significant because, as set forth below, Plaintiff fails to allege facts sufficient to establish that the unpurchased juices bear representations similar to those on the Apple Juice he actually bought.

To begin, Plaintiff's own allegations undermine any inference that the products share uniform labeling.  While Plaintiff claims at one point that all the products bear "the same, unqualified '100% Juice' claim," *id.* ¶ 15, he elsewhere concedes that ALDI "*sometimes* pairs the '100% Juice' claim with statements such as, 'from concentrate with added ingredient,'" *id.* ¶ 21 (emphasis added).  This admission makes clear that the labeling across the challenged products is not uniform, yet Plaintiff never identifies which of the challenged juices, if any, bear a qualifying statement alongside the "100% Juice" claim and which do not.  His Complaint thus provides no basis from which to infer that the labels on the unpurchased products are materially similar to the Apple Juice label he challenges.

Plaintiff also fails to identify which "added" ingredient allegedly renders the labels on the unpurchased juices false.  His theory of falsity with respect to the Apple Juice rests on the allegation that it contained "at least" ascorbic acid as an added ingredient.  *Id.* ¶ 27.  But he never identifies what specific "offending" ingredient, if

---

[2] ALDI's Nature's Nectar line does not include a product called "Mango Passion."  Although it is not clear from the face of the Complaint, Plaintiff appears to be referring to ALDI's "Mango Passion Fruit" juice.

MEMO OF POINTS & AUTHORITIES I/S/O DEFENDANT ALDI FOODS INC'S MOTION TO DISMISS

any, is contained in any of the other five juices.  His allegations are entirely conclusory, asserting only in generic terms that "the Products are not 100% juice, but rather contain additional ingredients, including at least fortifying ingredients like ascorbic acid." *Id.* ¶ 88; *see also id.* ¶ 55.  These sweeping allegations are insufficient to state a claim as to any juice product other than the Apple Juice Plaintiff actually purchased.  *See Khasin v. R.C. Bigelow, Inc.*, No. C 12-02204 (JSW), 2013 WL 2403579, at *4 (N.D. Cal. May 31, 2013) (plaintiff had standing to represent purchasers of green tea products that he purchased, but lacked standing to represent purchasers of black tea products he did not purchase, where misrepresentations differed in number, prominence, and content from those on green tea products).

### E.    Plaintiff Fails to Satisfy Rule 9(b)'s Specificity Requirement for the Unpurchased Products

To satisfy Rule 9(b)'s pleading requirements, Plaintiff must allege "the who, what, when, where, and how of the misconduct charged."  *Kearns*, 567 F.3d at 1124 (internal quotation marks omitted).  Plaintiff's allegations of fraudulent misrepresentations regarding the unpurchased products fall far short of what is required under Rule 9(b) and should be dismissed.  By failing to so much as identify the representations made on the labels of the unpurchased products, Plaintiff fails to allege the "what."  And by failing to identify the ingredients that render the representations false or misleading, he further fails to allege the "how."  As such, Plaintiff's fraud claims with respect to the unpurchased products should be dismissed.

### F.    Plaintiff's Claim for Breach of Express Warranty Fails

In Count IV of the Complaint, Plaintiff attempts to assert a claim for breach of express warranty.  Under California law, the elements of a claim for breach of express warranty are "(1) the seller's statements constitute an affirmation of fact or promise or a description of the goods; (2) the statement was part of the basis of the bargain; and (3) the warranty was breached."  *Daldalian v. Pepsico, Inc.*, No. 2:25-CV-01491

(WLH-E), 2025 WL 2778326, at *5 (C.D. Cal. Sept. 3, 2025).  To state a claim for breach of express warranty, a plaintiff must identify the terms of the alleged warranty by providing "specifics about what the warranty statement was, and how and when it was breached."  *Daniels v. Eagle Fam. Foods Grp., LLC*, 797 F. Supp. 3d 1154, 1166 (E.D. Cal. 2025).  To form the basis of an express warranty, "the statement 'must be specific and unequivocal.'"  *Id.*

Plaintiff fails to identify any specific representation he contends constitutes an express warranty and, instead, merely alleges that "Defendant made affirmations […] that, *inter alia,* the Products are comprised of 100% fruit juice, and do not contain any additional ingredients."  Compl. ¶ 79.  Contrary to Plaintiff's allegations, there is no such representation made on the Products.  The Complaint concedes that the product label also includes a statement that the juice is made "with added ingredients."  *Id.* ¶ 21.  Thus, Plaintiff fails to allege a specific and unequivocal statement that constitutes an express warranty.  *See Kim v. Blue Triton Brands*, No. 2:22-CV-01907-JLS (KS), 2022 WL 17061085, at *6 (C.D. Cal. Nov. 1, 2022), *aff'd sub nom. Kim v. Bluetriton Brand, Inc.*, No. 22-56063, 2024 WL 243343 (9th Cir. Jan. 23, 2024) (dismissing express warranty claim because "there was no unequivocal statement here that the Arrowhead bottled water was sourced from a spring on 'Arrowhead Mountain' and such a conclusion is not a reasonable interpretation of the label"); *Kennard v. Kellogg Sales Co.*, No. 21-CV-07211 (WHO), 2022 WL 4241659, at *7 (N.D. Cal. Sept. 14, 2022) (dismissing claim for breach of express warranty because statement at issue was ambiguous at most and was not "specific and unequivocal" so as to constitute an express warranty); *Lee v. Nature's Path Food, Inc.*, No. 23-CV-00751-H (MSB), 2023 WL 7434963, at *4 (S.D. Cal. Nov. 9, 2023) (dismissing claim for breach of express warranty based on failed consumer protection claims).

/ / /

MEMO OF POINTS & AUTHORITIES I/S/O DEFENDANT ALDI FOODS INC'S MOTION TO DISMISS

In addition, Plaintiff fails to allege that as a basis of the parties' bargain, the beverages would contain no additional ingredients besides juice. This alone warrants dismissal. *See Dawson v. Better Booch, LLC*, 716 F. Supp. 3d 949, 953, 959 (S.D. Cal. 2024) (dismissing claim for breach of express warranty because plaintiff failed to "plausibly allege that Defendant promised, as a basis of the parties' bargain, that the beverages would contain fruit juice" when the front label said "pear" and the back label said "0% Juice"). Plaintiff's express warranty claim should be dismissed.

### G.      Plaintiff's Claim for Breach of Implied Warranty of Merchantability Fails

In Count V of the Complaint, Plaintiff attempts to assert a claim for breach of implied warranty. A product may violate the implied warranty of merchantability if it (1) does not "[p]ass without objection in the trade under the contract description," (2) is not "fit for the ordinary purposes for which such goods are used" or (3) "adequately contained, packaged, and labeled," or (4) does not "[c]onform to the promises or affirmations of fact made on the container or label." Cal. Com. Code § 2314(2)(c). This warranty provides only for a minimum level of quality. *Birdsong v. Apple, Inc.*, 590 F.3d 955, 958 (9th Cir. 2009).

Here, Plaintiff only alleges that Defendant breached the implied warranty because the product "did not conform to promises and affirmations made on the container or label of the goods." Compl. ¶ 89. In other words, Plaintiff's theory here is the same as his claim for breach of express warranty, and for the underlying UCL, FAL and CLRA claims. Plaintiff alleges that "the Products, made representations, that, inter alia, the Products are comprised of 100% fruit juice, and do not contain additional ingredients." *Id*. ¶ 85. However, as made clear in the previous section, Plaintiff's alleged representation is incomplete. The front label explicitly states that the product contains "added ingredients." *Id*. ¶ 21. Plaintiff cannot simply ignore the words "with added ingredients" on the front of the label in hopes of meeting his pleading burden. *See La Barbera*, 2023 WL 4162348, at *19 (dismissing implied

CASE NO. 3:26-CV-0439-JLS-KSC

MEMO OF POINTS & AUTHORITIES I/S/O DEFENDANT ALDI FOODS INC'S MOTION TO DISMISS

warranty claim because "the product's packaging does not include representations that would mislead a reasonable consumer."). Accordingly, Plaintiff's implied warranty claim must fail.

### H.   Plaintiff's Claim for Equitable Relief Must Be Dismissed Because He Fails to Plead He Lacks an Adequate Remedy at Law

Plaintiff additionally seeks disgorgement and restitution of all moneys acquired through the sale of ALDI's juices. Compl. ¶¶ 91(e), (f). Yet he simultaneously seeks actual monetary damages, *id.* ¶¶ 76, 83, 90, and he fails to allege that he lacks an adequate legal remedy as required to state a claim for equitable relief. His equitable restitution claims must be dismissed under *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020), which requires a plaintiff "establish that []he lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL and CLRA." *Id.*; *see also Barrett v. Optimum Nutrition*, No. CV 21-4398-DMG (SKX), 2022 WL 2035959, at *5 (C.D. Cal. Jan. 12, 2022) (dismissing UCL, CLRA, and FAL claims for restitutionary relief where "Plaintiff fails to plead an inadequate remedy at law—and in fact, does the opposite by seeking both monetary damages and restitution for the same alleged conduct without alleging how the monetary damages would not fully compensate her loss.") (citing cases); *McCausland v. PepsiCo, Inc.*, 769 F. Supp. 3d 1060, 1067 (N.D. Cal. 2025) (similarly dismissing with prejudice UCL and CLRA claims for equitable relief).

## IV.   CONCLUSION

For the foregoing reasons, ALDI respectfully requests that this Court grant its motion to dismiss Plaintiff's Complaint in its entirety with prejudice.

Dated:  March 26, 2026

*Respectfully submitted,*
**DUANE MORRIS LLP**

By:   /s/  Karen L. Alexander
Courtney L. Baird/ Karen L. Alexander
*Attorneys for Defendant ALDI FOODS INC.*